**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,                                     CASE NO. 04-CV-10039-BC

v.                                             DISTRICT JUDGE DAVID M. LAWSON
                                                    MAGISTRATE JUDGE CHARLES BINDER

ROXANNE BENJAMIN,

      Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
(Dkt. 36)
**AND DEFENDANT'S MOTION TO DISMISS**
(Dkt. 38)

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED** and Defendant's Motion to Dismiss be **DENIED**.

**II.**     **REPORT**

    **A.**     **Introduction and Facts**

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on June 28, 2004. (Dkt. 5.) Pending are the above-entitled motions. Defendant has filed a *pro se* response to Plaintiff's motion (Dkt. 40), the United States has filed a response to Defendant's motion (Dkt. 41), and Defendant has filed a reply (Dkt.

42).[1]  Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

Between August 23, 1983, and February 10, 2000, the United States gave notices and forwarded to Defendant assessments and tax liens for (1) unpaid federal individual income tax assessed against Defendant for the years 1989 through 1994 (Pl.'s Mot., Dkt. 36, Exs. 1-10); (2) unpaid Federal Insurance Contributions Act (FICA) along with unpaid withheld income taxes for the period between March 31, 1994, and September 30, 1999; (3) unpaid federal unemployment taxes for the period between December 31, 1994, and December 31, 1998; and (4) unpaid civil penalties.  (*Id.*, Exs. 11-45.)

On February 17, 2004, the United States instituted this action seeking to reduce to judgment these unpaid federal tax assessments against Defendant, and to establish the validity of, and foreclose on, federal tax liens the United States holds on a medical office building and approximately 81 acres of vacant land owned by Defendant.  The total amount of these assessments is greater than $540,000.00. (See Dkt. 41 at 1, ftn. 1.)  The United States alleges that Defendant late filed or intentionally failed to file W-2 and W-3 forms and pay federal income and employment tax obligations for periods between December 31, 1991, and December 31, 1996. The United States also seeks civil penalties pursuant to 26 U.S.C. § 6721.  After motion practice and rulings relating to discovery (Dkts. 18-35), the instant motions followed.

  **B.**  **Plaintiff's Motion for Summary Judgment**

  **1.**  **Arguments of the Parties**

Citing provisions of the Internal Revenue Code and case law interpreting these provisions, the United States argues that the assessments, interest, and penalties against Defendant are

---

[1] Defendant entitled this document as a "Response."

2

presumed to be valid and accurate. The United States argues that, pursuant to Section 6201 of the Internal Revenue Code (26 U.S.C. § 6201), Defendant has the burden of showing that the tax assessments are incorrect and that she has failed to meet this burden. Citing § 6621 of the Internal Revenue Code (26 U.S.C. § 6621), the United States contends that it has valid tax liens against Plaintiff's property and that the United States is entitled to foreclose on this property to satisfy the Defendant's unpaid and delinquent federal tax liabilities.

Defendant argues that the United States has "wrongfully assessed, illegally levied or flat out stole tens to hundreds of thousands of dollars against my business." (Def.'s Resp., Dkt. 40 at 2.) Defendant concedes that she refused to pay federal income tax between 1989 and 1992 "until IRS provided evidence of where they applied (if at all) the money they took." (*Id*.) Defendant argues that various audits of her income taxes were "GROSSLY incompetent." (*Id*.) (emphasis in original.) Defendant argues that even after "two years more and CPA intervention," the IRS continued to refuse "to provide evidence of where the money they stole from 1989 to 1994 was applied." (*Id*.) Defendant argues that the documents produced by the United States are "irrelevant and only partially got to the central issue of my requests." (*Id*. at 3.) Defendant states that, using the information produced, she was able to reconstruct "a detailed spread sheet which showed overpayments and excess levies up to the beginning in 1990[.]" (*Id*.) Defendant maintains that the United States has failed to provide "the most relevant of all discovery" required in order for her to bring forward her claims. (*Id*. at 4.)

Both in this motion and in argument on previous discovery related motions, the United States strenuously maintains that it has produced all documents in its possession relating to Defendant's tax liabilities. Defendant argues that the actions of the United States are in violation of the "1998 Taxpayer's Bill of Rights." Defendant maintains that pursuant to this statute, she has

3

been the victim of "wrongful IRS intimidation, recklessness, harassment, illegal actions taken, libel, physical abuse of minors and gross incompetence." (*Id*. at 6-7.)  Defendant maintains that the United States is liable to her for compensatory damages.  Attached to Defendant's response is a tax assessment dated April 4, 2005, on which Defendant has made marginal notations.  None of the spreadsheets described in the body of Defendant's response are attached.

### 2. Governing Legal Standards

A motion for summary judgment will be granted under Rule 56 where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56.  All facts and inferences must be viewed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88.  Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof.  *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts."  *Moore v. Philip Morris Cos., Inc*., 8 F.3d 335, 339-40 (6th Cir. 1993).  When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether

4

genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructs that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### 3.  **Internal Revenue Code**

The Internal Revenue Code authorizes the IRS to "make . . . assessments of all taxes . . . which have not been duly paid. . . ." 26 U.S.C. § 6201(a). Section 6203 provides that an assessment is made "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203. This provision has been interpreted to mean that the assessment is "essentially a bookkeeping notation . . . made when the Secretary or his delegate establishes an account against the taxpayer on the tax roles." *Laing v. United States*, 423 U.S. 161, 170 n. 13, 96 S. Ct. 473, 46 L. Ed. 2d 416 (1976). *See also United States v. Toyota of Visalia*, 772 F. Supp. 481, 488 (E.D. Cal. 1991), *aff'd*, 988 F.2d 126 (9th Cir. 1993). The Secretary is required to provide notice and make demand for the amount assessed. 26 U.S.C. § 6303. If payment is not made after notice and demand, a lien arises in favor

5

of the United States "upon all property and rights to property, whether real or personal" belonging to the delinquent taxpayer. 26 U.S.C. § 6321.

"Assessment" is a prescribed procedure for officially recording the amount of a taxpayer's administratively determined tax liability. *Rambo v. United States*, 492 F.2d 1060, 1061 n. 1 (6th Cir. 1974), citing *Cohen v. Gross*, 316 F.2d 521, 522 (3rd Cir. 1963). The term "assessment" has a technical meaning spelled out in the Internal Revenue Code and that meaning is binding on the federal courts and the government as well. *C & R Investments, Inc. v. United States*, 267 F. Supp. 932, 937 (D. Kan. 1967) (citing *United States v. Miller*, 318 F.2d 637, 638-39 (7th Cir. 1963)), *rev'd on other grounds*, 404 F.2d 314 (10th Cir. 1968). The meaning of the term contemplates the recordation by the Internal Revenue Service of the liability of a taxpayer or the determination of the amount due as tax. *Ibid*.

The government enjoys a presumption of administrative regularity with respect to the acts of its officials, *Parkinson v. Commissioner*, 647 F.2d 875, 876 (9th Cir. 1981), and as a general rule, IRS tax assessments are presumed to have been correct, and "the taxpayer bears the burden of proving the amount he is entitled to recover." *United States v. Janis*, 428 U.S. 433, 440, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976). This rule is based on the understanding that an "action to recover on a claim for refund is in the nature of an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him." *Lewis v. Reynolds*, 284 U.S. 281, 283, 52 S. Ct. 145, 76 L. Ed. 293 (1932), *modified*, 284 U.S. 599, 52 S. Ct. 264, 76 L. Ed. 514 (1932) (internal quotation marks omitted).

In this circuit, "the tax payer has the burden of showing that he was not a responsible party" on a federal tax assessment *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981). This burden is not merely one of producing evidence, it is a burden of persuasion by preponderance of

the evidence that the assessment is not correct. *Id*. If the taxpayer proves by a preponderance of the evidence that the assessment is incorrect, the IRS must prove "what the correct assessment is." *Id*.

### 4. Discussion

Under the statutes and case law cited above, I suggest that the United States' argument that it is presumptively entitled to the relief requested in its complaint has merit and carries the day. Pursuant to the Internal Revenue Code, the United States has made a series of delinquent tax assessments against Defendant. The United States has demonstrated that it has served notice of these assessments upon the Defendant, and Defendant's filings clearly acknowledge receipt of assessments.

I further suggest that Defendant has failed to meet her burden of persuasion by preponderance of the evidence that these assessments are invalid or incorrect. Defendant's repeated assertions that the IRS failed to "provide evidence of where the money they stole . . . was applied" (Dkt. 40 at 2) is simply insufficient. The Defendant's burden of persuasion is an affirmative one. She cannot, I suggest, under the case law and statutes cited above, meet her burden by endeavoring to prove her arguments by negative inference. I further suggest that the exhibits attached to Defendant's motion similarly fail to pass muster. Copies of IRS assessments which contain marginal notes asking "why," or stating that an assessment is "wrong," and that there is "no running balance" (*see* Exs. to Dkt. 40) do not meet Defendant's affirmative burden. Moreover, the spreadsheets upon which Defendant relies at least in part are absent.

Nor, I suggest, can Defendant's citation to the "Taxpayer's Bill of Rights" support her arguments. That statute, enacted as 26 U.S.C. § 7433, provides in pertinent part as follows:

7

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). This statute, by its express terms, only applies to *collection* activities, and not to actions undertaken during the assessment process. *Wise v. Comm'r of Internal Revenue*, 168 F. Supp. 2d 649, 653 (S.D. Tex. 2001). In addition, § 7433 provides only a limited waiver of sovereign immunity in suits by taxpayers for unauthorized collection activities. Even where the statute applies, exhaustion of administrative remedies is a jurisdictional prerequisite to suit thereunder. 26 U.S.C. § 7433(d); *Fishburn*, 125 F.3d at 982; *Devore v. United States*, 110 F. Supp. 2d 1320, 1323-24 (D. Nev. 2000).[2]

Under these authorities, citations to this statute by Defendant in her responses are insufficient. She must instead file suit under this statute, and prior to doing so, must first exhaust IRS administrative remedies. Because Defendant has neither filed suit under this statute, nor shown that she has exhausted the required administrative remedies, § 7433 has no bearing on the instant case.

    **C.**    **Defendant's Motion to Dismiss**

    **1.**    **Arguments of the Parties**

In this motion, the *pro se* Defendant asserts that dismissal is appropriate contending that she has for over 16 months made "repeated requests" for forms and documentation which she asserts is "necessary to prove my affirmative defense and support my contentions[.]" (Dkt. 38 at 1.) The

---

[2] Title 26 U.S.C. § 7433(d)(1) provides as follows: "A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

United States responds that it has produced over 800 pages of documents, and after diligent research, has produced every document in its possession known to be relevant to Defendant's potential tax liability. While conceding that considerable discovery has been produced, Defendant maintains that the late filing of this discovery has substantially prejudiced her ability to bring forward her case.

**2.    Governing Legal Standards**

Federal Rule of Civil Procedure 37(b)(2) permits a court to "make such orders . . . as are just" when a party has failed to "obey an order to provide or permit discovery, including an order made under [Rule 37(a)] or Rule 35, or if a party fails to obey an order entered under Rule 26(f)[.]" FED. R. CIV. P. 37(b)(2). Examples of such orders, depending upon the circumstances, are: "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" FED. R. CIV. P. 37(b)(2)(C).

The Supreme Court has affirmed the inherent power of a district court to sanction the bad-faith conduct of a party or their attorneys. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Rule 37 has been consistently construed to require a showing of bad faith or willfulness before a court may impose the ultimate sanction of dismissal. *See Harmon v. CSX Transportation, Inc.*, 110 F.3d 364 (6th Cir. 1997); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988). In this circuit,

> [a]mong the factors to be considered in reviewing the imposition of sanctions for an abuse of discretion, the appellate court should consider: (1) whether the adversary was prejudiced by the [sanctioned] party's failure to cooperate in discovery, (2) whether the [sanctioned] party was warned that failure to cooperate could lead to [such a sanction], and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988) (citing *Regional Refuse Systems*, 842 F.2d at 155). Dismissal is therefore the sanction of last resort and "[i]t should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor*, 861 F.2d at 985).

### 3. Discussion

After review of the motion, the responses, and the discovery ultimately produced by the United States, I conclude that the imposition of sanctions is inappropriate. Although the United States' production was considerably delayed, and came about after the grant of motions by Defendant to compel, (Dkts. 27, 32), I am unable to conclude that the United States wilfully obstructed discovery. The explanations proffered on more than one occasion by counsel for the United States described legitimate difficulties in identifying, obtaining and producing the materials requested by Defendant, and I am convinced these explanations were not fabrications. Furthermore, although the United States was late in making discovery, Defendant ultimately received discovery in time to craft a knowledgeable and understandable response to the United States' motion for summary judgment. I therefore cannot conclude that Defendant was prejudiced, and suggest that the relief requested by Defendant, which amounts to the imposition of case dispositive sanctions, is inappropriate, and as a result, Defendant's motion should be denied.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                              s/ *Charles E Binder*
                                                                      CHARLES E. BINDER
Dated: February 14, 2006                         United States Magistrate Judge

### CERTIFICATION

      I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Michael W. Davis and Michael J. Hluchaniuk, and served in the traditional manner on Roxanne L. Benjamin and Honorable David M. Lawson.

Dated:  February 14, 2006                           By     s/Mary E. Dobbick
                                                                                Secretary to Magistrate Judge Binder