UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Civil No. 04-10039-BC

v.                                         Hon. David M. Lawson
                                                Magistrate Judge Charles E. Binder

ROXANNE BENJAMIN,

        Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE, OVERRULING OBJECTIONS,
GRANTING GOVERNMENT'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING DEFENDANT'S MOTION TO DISMISS
AND EMERGENCY TIME CRITICAL ACTION MOTION**

       This case involves the government's attempt to recover unpaid federal tax assessments from the defendant. Presently before the Court is the report issued on February 14, 2006 by Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b) recommending that this Court grant the government's motion for summary judgment and deny the defendant's motion to dismiss. The defendant has since filed an additional emergency motion referenced above.

       According to the complaint and the discovery materials filed by the parties in connection with the pending motions, the United States served notices on the defendant advising of assessments for a variety of unpaid federal taxes, as outlined in the magistrate judge's report. Two years ago, the government filed this action to reduce to judgment by the amounts claimed in the assessments. The defendant resists the action on the ground that she has parted with amounts of money over the years that have been transferred to federal taxing authorities, but no one has given her an explanation to her satisfaction how the funds were applied. She says that even in this case, the discovery furnished by the United States falls short of an adequate explanation.

The magistrate judge correctly observed that once a statutory tax lien has been asserted against a taxpayer under 26 U.S.C. § 6321, a presumption of administrative regularity arises in favor of the government. If the tax is paid and the lien discharged, the taxpayer bears the burden in any refund action "of proving the amount he is to recover." *United States v. Janis*, 428 U.S. 433, 440 (1976). Likewise, it is the taxpayer's burden to show "that he was not a responsible party" on a federal tax assessment. *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981). Once the taxpayer meets this burden, the United States then must prove "what the correct assessment is." *Ibid.*

In this case, the magistrate judge concluded that the defendant failed to meet her burden of showing that the assessment is incorrect. The defendant appears to have two objections to the magistrate judge's report. First, she objects to the magistrate judge's determination that the government did not wilfully obstruct discovery. The defendant's second objection is that "the issue of the Civil penalties [was] wrongfully applied." Obj. to R&R at 4. In her objections, the defendant insists that she "can provide a substantive and compelling argument to prove with certainty that the plaintiff did NOT comply with the Court order to submit the absolute most relevant discovery material in this case." Obj. to R&R at 1. She says that she can provide "tangible support" for her position, and she "can demonstrate that the case should be dismissed with the plaintiff's own documentation." *Id.* at 2. She also promises to "prove the plaintiff's statements were false and amount to false testimony of perjury and an apparent attempt to deny [her] civil rights and obstruct justice." *Ibid.* She avers in her objections that she has attached "a relative timeline and a chronology of case documents specifically dealing with the missing [tax] forms." *Id.* at 8.

No chronology was attached to the defendant's objections, and a search of the case file does not disclose one. Nor has the defendant constructed the proof as she promised or furnished documentation that supports the reckless claims in her objections. Instead, the defendant attached 810 pages of discovery that she received from the government "as absolute proof the plaintiff did not supply the material deemed essential." Obj. to R&R at 2. Although she makes reference in her objections to ten of those pages, the citations so not support her contentions, and there are no proofs or mention of any evidence that contradicts or challenges the magistrate judge' findings. The defendant's objections abound with rhetoric but are woefully lacking in substance. They can be considered little more than general objections to the magistrate judge's report and recommendation.

General objections to a magistrate judge's report and recommendation do not preserve all issues for review. "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Although the defendant states in her objections that she disagrees with the magistrate judge's recommendation, she fails to explain with sufficient specificity how or why the magistrate judge's recommendation is incorrect.

The defendant's act of attaching 810 pages of discovery that she received from the government "as absolute proof the plaintiff did not supply the material deemed essential," Obj. to R&R at 2, is not "clear enough to enable the district court to discern those issues that are dispositive and contentious," *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Although it is abundantly clear that the defendant is disappointed with the result, the want of clear and supportable objections

-3-

can lead to no other conclusion than that the argument is waived. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion).

The defendant's second objection that "the issue of the Civil penalties [was] wrongfully applied," Obj. to R&R at 4, likewise fails for lack of record support. The defendant points to a number of pages of the attached discovery that she believes "show the Civil Penalty was unfounded and reversed." Obj. to R&R at 7. The pages cited are various tax records showing activity on the defendant's account. For example, pages 201 and 202, cited by the defendant, merely show that the defendant had a balance of $1,176.08 as of September 9, 2002. However, the Court is unable to conclude from these pages that any legal or factual conclusion of the magistrate judge is incorrect.

As the magistrate judge correctly concluded in his report, it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). The Court has neither the resources nor the obligation to sift through 810 pages of tax records to find support for the defendant's motion, if indeed any exists at all. In all events, the Court agrees with the findings and conclusions of the magistrate judge. Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt # 43] is **ADOPTED**.

It is further **ORDERED** that the defendant's objections [dkt # 46] are **OVERRULED**.

It is further **ORDERED** that the government's motion for summary judgment [dkt # 36] is **GRANTED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt # 38] is **DENIED**.

It is further **ORDERED** that the defendant's emergency time critical action motion [dkt # 55] is **DENIED AS MOOT**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: March 31, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2006.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS